THE SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

EURONET PAYMENTS & REMITTANCE, INC.,

    Petitioner,

- against -

ENVIOS DE VALORES LA NACIONAL CORP.,
ENVIOS DE VALORES LA NACIONAL, INC.,
AEROCARIBE TRAVEL AGENCY, INC.,
JOSE ANDRES HERNANDEZ ANDUJAR,
CANDIDA DE HERNANDEZ, AND
ROBERTO LOPEZ,

    Respondents.

Index No. 601675/07

---

**VERIFICATION AND AFFIDAVIT IN SUPPORT OF EURONET'S
PETITION TO STAY ARBITRATION**

---

STATE OF OHIO )
                          ) ss:
COUNTY OF Cuyahoga )

Howard J. C. Nicols, being duly sworn, deposes and says,

1.    I am one of the attorneys for Petitioner Euronet Remittance & Payments, Inc. I make this affidavit in support of Petitioner's application for an order staying the arbitration noticed by the Respondents in the above referenced matter. I have personal knowledge of the facts set forth herein and in the Petition to Stay Arbitration. The facts set forth in the Petition are true to my own knowledge, except as to matters to be on

information and belief, and as to those matters I believe them to be true. The grounds of my belief as to all matters not stated upon my own knowledge are based on records contained in the Petitioner's files and independent investigation.

2.  On April 5, 2007, Petitioner filed its Amended Petition for Rescission, Declaratory Judgment and Damages pursuant to K.S.A. Chapter 60 in the District Court of Johnson County, Kansas. Attached as Exhibit A is a true and accurate copy of the Amended Petition. The Amended Petition has been served on the Respondents named in this Petition (with the exception of Defendant Roberto Lopez, upon whom service is expected to be perfected in the near future). Respondents purported to remove the Amended Petition to the United Stated District Court for the District of Kansas ("District Court of Kansas") on May 16, 2007.

3.  Petitioner has asserted claims for fraudulent inducement, negligent misrepresentation, breach of contract, declaratory judgment, tortious interference and civil conspiracy related to misrepresentations and other misconduct by the Respondents. As set forth in the Amended Petition, Respondents knowingly and intentionally misrepresented facts in order to fraudulently induce Euronet to enter into the Stock Purchase Agreement ("SPA") (a true and accurate copy of which is attached as Exhibit 1 to the Amended Petition), and certain of the Respondents conspired to improperly and unlawfully strip the revenue generating relationships from La Nacional to another entity for their personal benefit and gain. The fraudulent misrepresentations of Respondents are set forth more fully in the letter dated April 5, 2007 from Euronet which rescinded the SPA and terminated the SPA pursuant to its terms, and which letter is incorporated herein by reference. A true and accurate copy of the April 5, 2007 correspondence is attached as Exhibit 7 to the Amended Petition.

4. On April 30, 2007, Respondents issued a letter pursuant to CPLR § 7503(c), demanding arbitration of the claims set forth in the Amended Petition. A true and accurate copy of the April 30, 2007 correspondence is attached as Exhibit B.

5. On May 17, 2007, Euronet filed its Motion to Stay Arbitration and For an Order Permitting Discovery in the District Court of Kansas. A true and accurate copy of that motion is attached as Exhibit C, and is incorporated herein by reference.

6. The District Court of Kansas action is a "pending action" as set forth in CPLR § 7502(a) and CPLR § 7503(b), and the Kansas court has jurisdiction to address all issues of arbitrability related to the Amended Petition.

7. As a result of the Respondents' misconduct, the SPA was obtained through fraudulent misrepresentations and upon false pretenses and, therefore, the entire agreement is permeated with fraud, invalidating the SPA and the arbitration clause contained therein. Accordingly, the claims asserted in the Amended Petition are not arbitrable, and the arbitration demanded by Respondents should be stayed to allow the Kansas litigation to proceed.

8. Euronet should be provided the opportunity to conduct discovery regarding the arbitrability of the dispute and to present evidence to demonstrate that fraud permeated the SPA.

9. Euronet submits that the appropriate forum to resolve the issue of arbitrability, including the authorization of discovery and the conducting of an evidentiary hearing on the issue of arbitrability, is the District Court of Kansas, where the Amended Petition is pending.

10. The District Court of Kansas has jurisdiction to address any and all issues of arbitrability.

11. Euronet requests that this Court defer any ruling on this petition pending resolution of these issues on Euronet's Motion to Stay Arbitration which has been filed in the District Court of Kansas. A Memorandum in Support of Euronet's Petition to Stay Arbitration Pending Resolution of the Issue of Arbitrability in the District Court of Kansas has been filed simultaneously with this Petition and affidavit.

_____
Howard J.C. Nicols

Sworn to before me this
17th day of May, 2007

_____
Notary Public

COLIN R. JENNINGS, Attorney At Law
Notary Public - State of Ohio
My commission has no expiration date.
Section 147.03 R.C.